## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JACKIE L. SIZEMORE,**
**Claimant Below, Petitioner**

**FILED**
November 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-0015** (BOR Appeal No. 2046139)
(Claim No. 2009093523)

**SCHLUMBERGER TECHNOLOGY CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jackie L. Sizemore, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Schlumberger Technology Corporation, by Lynn C. Photiadis, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 21, 2011, in which the Board affirmed a July 11, 2011, Order of the Workers' Compensation Office of Judges granting Mr. Sizemore a 5% permanent partial disability award. In its Order, the Office of Judges reversed the claims administrator's March 10, 2010, Order which granted no permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Sizemore worked as a driver/operator for Schlumberger Technology Corporation. On May 27, 2009, he struck a metal bar sticking out from a rig and sustained an injury. Holzer Medical Clinic records show an impression of local rib/chest wall pain and chest wall contusion. On March 10, 2010, the claims administrator granted Mr. Sizemore no permanent partial disability award.

On July 11, 2011, the Office of Judges reversed the claims administrator's Order and granted Mr. Sizemore a 5% permanent partial disability award for cervical impairment. Mr. Sizemore appealed, and argues that Dr. Mukkamala and Dr. Condaras failed to properly rate his

compensable injuries according to Table 75 of the American Medical Association's <u>Guides to the Evaluation of Permanent Impairment</u>, (4th Edition, 1993), and therefore, those reports should not be given greater weight. Schlumberger Technology Corporation argues that Dr. Condaras concluded that Table 75 did not apply and that the evidence shows the Orders of the Office of Judges and the Board of Review were correct in awarding Mr. Sizemore a 5% permanent partial disability award.

On November 3, 2009, Dr. P. B. Mukkamala performed an independent medical examination and found Mr. Sizemore had reached maximum medical improvement with a 0% thoracic impairment. Dr. Mukkamala did not provide a cervical impairment rating. On August 2, 2010, Dr. Guberman performed an independent medical examination and found that Mr. Sizemore had reached maximum medical improvement with a 5% whole person impairment of the thoracic spine; a 7% whole person impairment for the cervical spine; and a combined total of a 12% whole person impairment. On December 1, 2010, Dr. Condaras performed an independent medical examination and found that Mr. Sizemore had reached maximum medical improvement with 0% whole person impairment of the thoracic spine, and a 5% whole person impairment for the cervical spine.

The Office of Judges found that the report submitted by Dr. Condaras is the most persuasive and convincing and granted Mr. Sizemore a 5% permanent partial disability award. The Office of Judges noted that Dr. Mukkamala failed to provide an impairment rating for the cervical spine. Further, the Office of Judges noted that Dr. Guberman was the only evaluator to find any impairment of the thoracic spine, and that a 12% whole person impairment appeared excessive given the nature of the injury and the conservative treatment that Mr. Sizemore received. The Office of Judges found that Dr. Condaras's 5% impairment rating is supported by sufficient objective findings. The Board of Review reached the same reasoned conclusions. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 14, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II